DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
ROBERT S. LEACH (CABN 196191)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    FAX: (415) 436-6753
    William.frentzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-00-00517 CRB |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| WALTER KONIGSEDER, | |
| Defendant. | |

    The government does not have the luxury of writing this Sentencing Memorandum on a blank canvas. Among the factors weighing for a heavier sentence in this case, the defendant's criminal conduct was somewhat sophisticated, his conduct had the potential for substantial damage to the investing public, and his fraud involved outlandishly large dollar figures. That said, the government fully accepts that this Court has already ruled on issues in this case, has already expressed its view regarding an appropriate sentence for a co-defendant, and that the defendant Konigseder that will be sentenced by this Court is undoubtedly a different man than the one that committed the crimes charged over twenty years ago. With those issues forefront in the government's mind, the government hereby recommends a sentence of three months of incarceration, and a $10,000 fine.

    In the final analysis, the defendant's fraud was no small thing. As the Plea Agreement provided,

there were five large transactions in 1996 where defendant had knowledge that they amplified the recognized revenue for Informix for his area by over $25 million.[1]  The government acknowledges that is far less than the over $200 million in fraudulent revenue attributable to the former CEO, defendant White.  The government also acknowledges that the Court previously attributed no loss to the guideline calculation in this case and the government has accepted the Court's findings in that regard through the Plea Agreement.  It is still a whopping large number.  Ordinarily, the government would recommend a higher sentence, but the government – again – recognizes that the Court sentenced co-defendant White to two months of incarceration.  That said, the government feels that a recommendation of three months is an appropriate recommendation.  While the government understands that the Court may not view re-incarceration of the defendant as practical and, therefore, issue a sentence of time served it is difficult for the government to make a recommendation with which it does not agree.[2]

The government does not doubt that the defendant is a devoted family man who has stayed out of trouble since his actions in 1996-1997.  The government agrees that Konigseder played a lesser role than the CEO.  The government also agrees that Konigseder demonstrated immediate and legitimate acceptance of responsibility by entering into a plea agreement without hesitation.  The government also has not argued that Konigseder was a fugitive, as in a person who actively fled from this jurisdiction, but clearly defendant knew about the charges in the United States and elected to avoid those charges.  Although the defendant was not the CEO, the simple fact remains: the defendant, through inactivity or something else, avoided justice for 20 years.  The government's recommendation and the Court's sentence must assure that all offenders, especially white-collar defendants with resources to avoid

---

[1] Of course, the defendant only entered a guilty plea to Count Four of the Indictment which covered two deals that were in excess of $2 million in false revenue but the Plea Agreement included the relevant conduct attributable to the defendant as well.

[2] The government is aware of defendant's claims of health complications.  The government has been frustrated since defendant's original incarceration at the lack of clarity from defendant regarding his health.  Originally, the defendant's claim – through prior counsel, not through current counsel – was that he had to be moved immediately back to Germany and away from Mauritius where he could suffer irreparable harm.  The government was obviously skeptical of those representations since defendant had traveled to Mauritius to play golf.  The representations were attributed to defendant's family.  Then, it was represented that the defendant could not be moved away from Mauritius and had to remain there.  Again, the government was skeptical and received no adequate expert documentation to support those claims.  Now, defendant will undoubtedly claim that any further incarceration will be threatening to his health.  While the government has no reason to doubt defendant's current counsel, unfortunately, at this point the government must remain skeptical of adverse health claims by defendant and his family.

capture, are not incentivized to run out the clock.  Three months appropriately balances the defendant's lesser role, the need for general deterrence, and the need not to reward those who evade justice as long as this defendant did.

    For the reasons stated above, in full acceptance of the history of this case and with all due respect to defendant Konigseder's positive attributes as a person, the government hereby respectfully requests that the Court sentence the defendant to serve three months of imprisonment and pay a fine of $10,000. The government agrees to recommend that the Court credit Konigseder for the time that he was incarcerated overseas and, briefly, in the United States.

DATED: November 19, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
William Frentzen
Robert S. Leach
Assistant United States Attorneys

U.S. SENTENCING MEM.
CR-00-00517 CRB

3